IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HORACE GRELY DEAN, #74754 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv640 |
| | | CRIM NO. 6:18cr00004 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

Movant Horace Grely Dean, a federal prisoner currently confined at the Smith County Jail, brings this motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for disposition of the case.

For reasons explained below, the Court recommends that Movant's section 2255 motion be denied, the case be dismissed, with prejudice, and that Movant be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

After entering a guilty plea to all four counts within the superseding indictment, Dean was sentenced to 150 months' imprisonment for (1) conspiracy to distribute and possess with the intent to distribute methamphetamine, (2) one count of possession with intent to distribute and distribution of methamphetamine, (3) an additional count of possession with intent to distribute and distribution of methamphetamine, and (4) possession with the intent to distribute methamphetamine. *See* 6:18cr00004, Dkt. #249.

Dean filed a direct appeal, which the United States Court of Appeals for the Fifth Circuit dismissed the appeal—finding no nonfrivolous issues for appellate review. *See United States v.*

*Dean*, 828 F. App'x 210 (5th Cir. Oct. 27, 2020) (unpublished). Dean filed a section 2255 proceeding in April 2020, which was dismissed because his direct appeal was pending, (Dkt. #265). This proceeding follows.

**II. Dean's Motion**

Dean maintains that trial counsel was ineffective for failing to (1) investigate and interview witnesses and co-conspirators; (2) object to the superseding indictment; (3) move for a dismissal based on the Speedy Trial Act; (4) object to the Court depriving him of his right to conflict-free counsel; (5) object to chain-of-custody issues concerning a confidential informant; (6) object to evidence tampering; and (7) appeal the denial of his motion to suppress or inform him of the option in which to appeal that denial. He further argues that the superseding indictment was invalid—and that his sentence is illegal because of a violation of his speedy trial rights and he alone was convicted of a conspiracy. Finally, Dean contends that law enforcement engaged in an unconstitutional search and seizure when violating the rights of a third party in order to fashion probable cause.

**II. Government's Response**

After being ordered to do so, the Government filed an answer addressing Dean's motion, (Dkt. #12). The Government argues that Dean's claims are without merit and waived by his entering a guilty plea. Dean did not file a response.

**III. Standard of Review**

*A. Section 225 Proceedings*

Section 2255 is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). Section 2255 "provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United

States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is subject to collateral attack." *U.S. v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1999) (citing *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994)).

Cognizable claims within a section 2255 motion are narrow; the movant may not present a generalized, broad attack challenging the legality of his or her conviction and, importantly, non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in section 2255 proceedings—absent a showing of cause for the procedural default and actual prejudice ensuing from the error. *United States v. Shaid*, 936 F.2d 228, 232 (5th Cir. 1991); *see also Villasenor-Cruz v. United States*, 2017 WL 6627045 (E.D.Tex. Oct. 3, 2017) (same).

A defendant asserting that counsel was ineffective must demonstrate both deficient performance and ensuing prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984); *see also United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1999). Conclusory allegations of ineffective assistance of counsel will not suffice. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel."); *see also United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007) (explaining that "generalized assertions about counsel's failure to file motions, to make objections, and to follow Demik's instructions" are not enough.).

*B. Guilty Pleas*

A guilty plea will be upheld on habeas review if the plea was entered into knowingly, voluntarily, and intelligently. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). Whether a plea is knowing turns on whether the defendant understood the consequences of his plea; the defendant must have a full understanding of "what the plea connotes and of its

3

consequences." *Id*. at 255. A defendant need only understand the direct consequences of the plea, and need not be made aware of every consequence that—absent the guilty plea—would not otherwise occur. *Id*. The consequences of a guilty plea, with respect to sentencing, means that the defendant must know the maximum prison term and the fine for the charged offense. *See United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996).

With respect to voluntariness, the question becomes whether the plea was induced by threats or improper promises. *Id*.; *see also U.S. v. Nunez*, 539 F. App'x 502, 503 (5th Cir. 2013) ("Whether a plea is knowing looks to whether the defendant understands the direct consequences of his plea, while voluntariness looks to, inter alia, whether the plea was induced by threats or improper promises.").

Firm declarations in open court—including a plea colloquy—carry a strong presumption of verity. *See United States v. Perez*, 690 F. App'x 191, 192 (5th Cir. 2017) (Mem.) ("A defendant's solemn declarations in open court carry a strong presumption of truth.") (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). As a result, the movant faces the heavy burden of proving that she is entitled to relief through overcoming the evidence of her own words. *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *see also United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986) (holding that there must be independent indicia of the likely merit of the petitioner's contentions; mere contradiction of the statements made at the guilty plea proceeding will not suffice).

Furthermore, the Fifth Circuit has held that an ineffective assistance claim will survive an appeal waiver where the alleged ineffectiveness directly affects the validity of the waiver or of the plea itself. *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("We also note that a

defendant may always avoid a waiver on the limited grounds that the waiver of appeal itself was tainted by the ineffective assistance of counsel.").

**IV. Discussion and Analysis**

A review of Dean's motion, the Government answer, and the record of Dean's criminal proceedings show that his section 2255 proceeding is without merit. He is neither entitled to an evidentiary hearing nor relief from his conviction—as he waived many of his habeas claims by entering a knowing, voluntary, and intelligent guilty plea to the superseding indictment.

<u>1. Dean's Guilty Plea</u>

Because Dean entered a guilty plea to the superseding indictment, the analysis must begin there. After withdrawing a previous guilty plea on July 18, 2019, (Dkt. #262, case no. 6:18cr00004), Dean entered a second guilty plea on September 12, 2019, after District Judge Jeremy D. Kernodle denied his motion to suppress—pleading guilty to Counts One, Two, Three, and Four of the superseding indictment, (Dkt. #261). Dean's plea agreement contains a "Waiver of Right to Appeal or Otherwise Challenge Sentence." The waiver reads specifically as follows:

> Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves his right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

(Dkt. #231, case no. 6:18cr00004) (sealed plea agreement). Accordingly, given Dean's guilty plea, with the exception of his claims of ineffective assistance of counsel, he waived his habeas claims.

When a criminal defendant enters a voluntary guilty plea, he waives all non-jurisdictional defects. *See United States v. Celestine*, 546 F. App'x 346, 347 (5th Cir. 2013) (unpublished).

5

Habeas challenges are limited to issues of whether the guilty plea was voluntary and knowing, and the Supreme Court succinctly explains the rationale:

> [A] guilty plea represents a chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense for which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea…

*Villreal v. Davis*, 2020 WL 1659895, at *13 (S.D. Tex. Mar. 30, 2020) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

Here, while Dean does not directly contend that his guilty plea was involuntary, a review of the plea transcript reveals that his guilty plea was entered knowingly, intelligently, and voluntarily. The plea transcript, dated September 12, 2019, shows that Dean understood that he was under oath and was not proceeding while under the influence of drugs or medication, (Dkt. #261, pg. 4). He specifically agreed when asked if he understood his case and that he also understood what they were doing in court. Trial counsel, Mr. Mims, explained that he believed Dean possessed the requisite mental and intellectual capacity to understand the proceedings and enter a knowing and voluntary guilty plea. *Id.*

Dean further explained that he received a copy of the superseding indictment, and that he fully discussed the charges and the facts of his case with his attorney. *Id.* at pg. 5. Judge Kernodle then reviewed the four counts to which Dean was charged—as well as the range of punishment for each count and the various consequences of pleading guilty. *Id.* at pg. 5-6. The Assistant United States Attorney, Mr. Machicek, then summarized the plea agreement; in relevant part, here, Mr. Machicek explained that the Dean understood the factual statement, which Dean signed—and Dean testified that those were the terms of his plea agreement as he understood them. *Id.* at pg. 7-10.

When asked whether anyone made any other promise—outside of the plea agreement—in exchange for his guilty plea, Dean stated, "no, sir." He explained that he was pleading guilty because he was, in fact, guilty. *Id*. at pg. 10. Dean further answered, "yes, sir," when asked if he understood that by pleading guilty, he was admitting the charges in counts one, two, three, and four of the superseding indictment. *Id*. at pg. 14.

Accordingly, the plea transcript illustrates that Dean understood the consequences of his plea—and the range of punishment for his charges. He also stated, under oath, that he was not promised anything, outside of his plea agreement, in exchange for his guilty plea. Dean further remarked that no one forced him to plead guilty. Dean's guilty plea was therefore voluntary, knowing, and intelligent; he cannot now hide behind his sworn words. Because his guilty plea was voluntary, his claims concerning the time limits of the superseding indictment, a purportedly invalid indictment, the Speedy Trial Act, conspiracy, and third-party rights under the Fourth Amendment are effectively waived by his entry of a knowing, intelligent, and voluntary guilty plea.

<u>2. Claims of Ineffective Assistance of Counsel</u>

Turning to Dean's claims that trial counsel was ineffective, he must demonstrate both deficient performance and ensuing prejudice.

*a. Failure to Interview Co-Conspirators*

Dean maintains that trial counsel was ineffective for failing to "investigate and interview witnesses and co-conspirators." If interviewed, he contends, the co-conspirators would have provided exculpatory information concerning the controlled purchase of methamphetamine by a confidential informant (CI) on September 20, 2017. According to the Final Presentence Investigation Report, (PSI), this particular transaction involved the CI, Dean, Shedrick Donnell,

7

James Thacker, Antaeus Moore, Carlton Johnson, and an unnamed female. The PSI reveals that Thacker and Donnell were sentenced in 2019 as codefendants in this case to 86 and 46 months' imprisonment, respectively, (Dkt. #245, pg. 4, 6:18cr00004). Dean argues that Thacker disputes the CI's explanation of Thacker's fee for the transaction—and that the CI purchased "fake drugs and replaced the fake drugs with real drugs, but CI came up short in actual amount that CI originally purchased and then fabricated a story as to why CI was now turning evidence 7 grams short to case agent," (Dkt. #1, pg. 5-6). He insists that the facts "fail to support" this—as there is missing video surveillance, missing drug evidence, custody issues, and misconduct. *Id*. at pg. 6.

Here, a review of the record illustrates that this claim is without merit. Generally, unless contradicted by the record or inherently incredible, an evidentiary hearing is required on section 2255 review if the facts are disputed. *See United States v. Bogomol*, 2021 WL 3620444, at *3 (5th Cir. 2021) (unpublished) (quoting *United States v. Hughes*, 635 F.2d 449, 450 (5th Cir. Unit B 1981) ("When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing.")). In other words, if a movant's allegations are refuted by the record or inherently incredible, the Court is not required to hold an evidentiary hearing. *Arredondo v. United States*, 178 F.3d 778, 782 (5th Cir. 1999).

The PSR—and the factual basis which Dean signed as accurate pursuant to his guilty plea—refutes Dean's articulation of the facts. A review of the factual basis shows that Dean is attempting to rewrite history, as Dean signed, stipulated, and explained under oath that he was guilty of the following:

> 4. That on or about September 20, 2017, in Smith County, in the Eastern District of Texas, I knowingly and intentionally distributed or aided and abetted others in the distribution of 50 grams or more of methamphetamine to an individual I later learned was working with law enforcement as a confidential informant (CI) in exchange for U.S. Currency. Specifically, I supplied 64.85 grams of actual methamphetamine to my co-defendant, Shedrick Lashae Donnell, who then sold that methamphetamine to the CI in exchange for $1,300;

Dkt. #233, pg. 2, 6:18cr00004. Accordingly, Dean admitted that on September 20, 2017, he knowingly and intentionally distributed or aided and abetted others to distribute methamphetamine to a CI.

Dean's claim that the CI purchased "fake drugs" and replaced them with "real drugs" is inherently incredible, especially given that Dean admitted that he suppled 64.85 grams of actual methamphetamine to his codefendant, who then sold it to the CI. Dean's unsupported articulation of the facts, which are contradicted by the record and his own admissions, should be rejected. The record fails to demonstrate—or even indicate—that Dean's codefendants would have offered exculpatory information. Counsel cannot be ineffective for failing to pursue meritless defense strategies.

### b. Failure to Object

Dean also argues that trial counsel was ineffective for failing to object to the superseding indictment, "adequate chain of custody" evidence, and tampered evidence. He maintains that the superseding indictment was filed "outside the time limits" because it was 11 months after he was arrested. With respect to his argument regarding chain of custody, Dean contends that the "confidential informant purchased methamphetamine then gave key evidence to someone else who

9

then removed a large portion of the evidence," and was "logged as evidence [sic] substantially less than it was when it was purchased by the CI," (Dkt. #1, pg. 5).

It is well-settled that counsel cannot be ineffective for failing to raise meritless objections. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007) ("Turner's counsel cannot have rendered ineffective assistance of counsel by failing to make an objection that would have been meritless.").

Here, the criminal docket shows that the original indictment, issued by a grand jury, was filed on February 14, 2018, (Dkt. #21, 6:18cr00004). The superseding indictment was filed on December 13, 2018, (Dkt. #100, 6:18cr00004)—and outlined conduct beginning in September 2016. The statute of limitations for these offenses is five years, which begins on the date on which the offense was allegedly committed—not how long after a defendant is arrested. *See* 18 USC § 3282(a). This claim is without merit, as counsel cannot be ineffective for failing to raise a meritless objection.

Similarly, for reasons explained above, counsel cannot be ineffective for failing to raise a meritless objection concerning the facts of Dean's case. His allegations that the CI purchased methamphetamine and then "gave key evidence to someone else who then removed the large portion of the evidence" and that evidence was tampered are contradicted by the record and his own admissions in the factual basis/plea agreement. Given that this assertion is refuted by the record, Dean's guilty plea, and is unsupported, he cannot show that any objection on this basis would have been meritorious. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). These claims should be dismissed.

### *c. Failure to Move for Dismissal—Speedy Trial*

Dean states that counsel was ineffective for failing to move for dismissal based on a violation of the Speedy Trial Act, as he was held for 110 days "without any form of judicial proceedings"—until an unopposed motion for a continuance was filed.

Title USC § 3161, in relevant part, provides the following:

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing the indictment shall be extended an additional thirty days.

(c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before the judicial officer of the court in which such case is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

Here, Dean was arrested on January 26, 2018, pursuant to an arrest warrant, (Dkt. #13, 6:18cr00004). He was indicted on February 14, 2018, and arraigned on those charges on February 26, 2018, (Dkt. #31, 6:18cr00004). Dean filed a motion for a continuance on April 10, 2018— which was granted on April 11, 2018, (Dkt. #48, 6:18cr00004). Contrary to Dean's assertions, the passage of time between his arraignment in Court and when the motion for a continuance was granted totals approximately 44 days—which does not violate the Speedy Trial Act. Trial counsel's failure to file a meritless motion is not ineffective assistance of counsel. *See Untied States v. Israel*, 838 F. App'x 856, 868 n.55 (5th Cir. 2020) (unpublished) ("Trial counsel's failure to raise a meritless argument … cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had [trial counsel] raised the issue.") (internal citation and quotations omitted). This claim should be dismissed.

11

### d. Conflict-Free Counsel

Dean next asserts that trial counsel was ineffective for allowing the district court to deprive him of his right to conflict-free counsel "by failing to make such an inquiry into the potential conflict or inquire as to whether the petitioner would waive the conflict," (Dkt. #1, pg. 4).

A criminal defendant is not entitled to appointed counsel of his or her choice. *Green v. Johnson*, 160 F.3d 1029, 1045 (5th Cir. 1998). However, a criminal defendant is entitled to conflict-free counsel. To demonstrate that he was denied effective assistance of counsel as a result of a conflict of interest, Dean must demonstrate that (1) his counsel was burdened by an actual conflict of interest; and (2) the conflict of interest had an adverse effect no specific instances of counsel's performance. *See Cuyler v. Sullivan*, 446 U.S. 335, 348-50 (1980); *see also U.S. v. Burns*, 526 F.3d 852, 856 (5th Cir. 2008) ("To establish a Sixth Amendment violation on the basis of a conflict of interest the defendant must demonstrate: (1) that his counsel acted under the influence of an actual conflict; and (2) that the conflict adversely affected his performance at trial.").

The docket reflects that Mr. Lawhorn filed an unopposed, sealed motion to withdraw as counsel, (Dkt. #52, 6:18cr000040). The motion was granted days later, and the Court appointed Mr. D'Angelo to represent Dean. A review of the motion shows that Mr. Lawhorn identified a potential conflict of interest to the Court, thereby creating an ethical duty to file the motion to withdraw as counsel. The Court permitted Mr. Lawhorn to withdraw based on a conflict of interest—which, as the Government notes, actually preserved his Sixth Amendment rights to be free from conflicted counsel. While Dean is now dissatisfied that Mr. Lawhorn withdrew as his counsel, as he explains that he was "pleased with" Mr. Lawhorn's performance, Dean is not entitled to appointed counsel of his choice. *See United States v. Wiley*, 707 F. App'x 802, 803 (5th

Cir. 2017) (Mem) (unpublished) (explaining that petitioner "had no Sixth Amendment right to have his choice of appointed counsel."). This claim is without merit and should be dismissed.

### e. Failure to Appeal Denial of Motion to Suppress

In his final claim, Dean insists that appellate counsel was ineffective for failing to appeal the Court's denial of his motion to suppress. He argues that appellate counsel explained that "there was no law on their side to argue that the 3rd party rights were violated."

The *Strickland* standard applies to claims of ineffective assistance of counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). To show prejudice on appeal, the movant must show that but for appellate counsel's deficient performance, "he would have prevailed on appeal." *Id*. at 285-86.

Here, the criminal docket shows that Dean filed a direct appeal through counsel. Appellate counsel filed a brief to the United States Court of Appeals for the Fifth Circuit, and Dean submitted a *pro se* response to appellate counsel's brief. The Fifth Circuit issued an opinion—specifically explaining that it reviewed both appellate counsel's brief and Deans response and holding that the appeal presents no nonfrivolous issues for appellate review. *See Dean*, 828 F. App'x 210. Because the Fifth Circuit found that there were no nonfrivolous issues for appeal, Dean cannot show that appellate counsel was ineffective for failing to raise a particular issue on appeal. In other words, he cannot show prejudice. *See, e.g.*, *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981) ("The omission of alleged points of error that are deemed meritless by appellate counsel does not, by itself, constitute ineffective assistance of appellate counsel."). This claim should be dismissed.

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a section 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the court may address

whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Dean failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled section 2255 motion be denied, and this lawsuit be dismissed with prejudice. It is further recommended that Dean be denied a certificate of appeal *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 24th day of March, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE